UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jotham R. Simmons, | ) | Civil Action No.: 5:18-cv-01805-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Antonelli, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Jotham R. Simmons, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Petitioner's § 2241 petition.[1] *See* ECF Nos. 14 & 18.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

In 2013, Petitioner pleaded guilty in this Court to (1) being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and (2) possessing a short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i). *See United States v. Simmons*, No. 4:12-cr-00910-RBH-1 (D.S.C.). Petitioner has now filed a § 2241 petition challenging his § 922(g) conviction.[3] *See* ECF No. 1.

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to satisfy the savings clause in 28 U.S.C. § 2255(e) and therefore fails to establish that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. R & R at pp. 4–8. In his objections, Petitioner claims he should be able to pursue § 2241 relief because he is "actually innocent" of his conviction under 18 U.S.C. § 922(g). *See* ECF No. 18 at pp. 2–7. However,

> it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when § 2255 proves inadequate or

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Petitioner previously filed an unsuccessful § 2241 petition challenging his § 924(c) conviction. *See Simmons v. Antonelli*, No. 5:17-cv-03019-RBH, 2018 WL 2057393 (D.S.C. May 3, 2018), *aff'd*, 735 F. App'x 95 (4th Cir. 2018).

2

> ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241. Importantly, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion.
>
> . . . . More specifically, § 2255 is inadequate and ineffective—and § 2241 may be utilized—when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *see also United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (reciting this three-factor test originally articulated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000)). Here, Petitioner cannot show § 2255 is inadequate or ineffective because the substantive law has not changed so that his conduct—being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)—is no longer criminal.

Moreover, as the Magistrate Judge explains, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (reciting the actual innocence standard). An actual innocence "claim requires [the] petitioner to support his allegations of constitutional error with ***new reliable evidence***—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . . Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added); *see Pettiford*, 612 F.3d at 282 ("[T]he movant must show actual innocence by clear and convincing evidence." (internal quotation marks omitted)). Here, while Petitioner makes

3

allegations of actual innocence, he does not present "new reliable evidence" to support such a claim.[4]

For the foregoing reasons, Petitioner is not entitled to relief under 28 U.S.C. § 2241, and the Court must dismiss his § 2241 petition.[5]

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### **Conclusion**

For the above reasons, the Court overrules Petitioner's objections and adopts the Magistrate Judge's R & R [ECF No. 14]. Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without*

---

[4] Petitioner appears to believe his § 922(g) conviction cannot stand because he was not sentenced to more than a year in prison for his prior felony conviction for assault and battery of a high and aggravated nature ("ABHAN") under South Carolina law, and instead was sentenced to only sixty days' imprisonment. However, a § 922(g) offense does not require that a defendant actually be sentenced to more than a year in prison on the prior felony, but merely requires that the crime was "*punishable* by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (emphasis added). At the time of Petitioner's 2009 ABHAN conviction, ABHAN was a South Carolina common law crime "punishable by up to ten years in prison," *State v. Fennell*, 531 S.E.2d 512, 516 (S.C. 2000), and therefore was a valid predicate for his § 922(g) conviction.

[5] Petitioner also objects to the Magistrate Judge's application of the standard of review regarding pro se filings. *See* ECF No. 18 at pp. 1–2. This objection is without merit, and the Court notes the Magistrate Judge correctly applied the appropriate legal standards when construing Petitioner's § 2241 petition.

4

*prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
November 1, 2018  R. Bryan Harwell
 United States District Judge